UNITED STATES OF AMERICA
WESTERN DISTRICT
PECOS DIVISION

| | | |
|---|---|---|
| JACKIE REDMON, HOLY SPIRIT OILFIELD MINISTRY OF KERMIT, TEXAS, and BAIL BONDSMAN FOR CHRIST STATE OF TEXAS | § § § § § | |
| Plaintiffs, | § § | CAUSE NO:4:19- cv-00040 |
| vs. | § § § | |
| COUNTY SHERIFF OF WINKLER COUNTY, TEXAS DARIN MITCHELL, and WINKLER COUNTY, and WINKLER COUNTY APPRAISAL BOARD, | § § § § § | |
| Respondents. | § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY INJUNCTION**

COMES NOW, **JACKIE REDMON, HOLY SPIRIT OILFIELD, MINISTRY OF KERMIT, TEXAS, and BAIL BONDSMAN OF CHRIST,** Plaintiffs, (hereinafter called, "Plaintiff") by and through their attorney, Gerald K. Fugit, and complaining of **COUNTY SHERIFF OF WINKLER COUNTY, DARIN MITCHELL, and WINKLER COUNTY, and WINKLER COUNTY APPRAISAL BOARD, Defendants,** (hereinafter called, "Defendants") and respectfully states to the Court as follows, to wit:

I.

**DISCOVERY**

1.  Discovery in this case will be under the provisions of the Court for a

1

Scheduling Order approved by the Court.

## II.

## PARTIES

2. The Plaintiffs in this case are the following, to wit:

    **a.** **JACKIE REDMON,** Plaintiff, is a resident of Fort Stockton, Pecos County, Texas.

    b    **HOLY SPIRIT OILFIELD MINISTRRY OF KERMIT, TEXAS,**

    **c.** **BAIL BONDSMAN FOR CHRIST.**

The Respondents in this case is as follows, to wit:

    **A.** **WINKLER COUNTY SHERIFF OF KERMIT, TEXAS DARIN MITCHELL** where service process may be had upon the Sherriff Darin Mitchell at 1300 Bellaire Street, Kermit, Winkler County, Texas and/or wherever he may be found.

    **B.** **WINKLER COUNTY, TEXAS** where service process may be had upon the County Judge Charles M. Wolf, County Courthouse, 100 East Winkler, First Floor, Kermit, Winkler County, Texas 79745 and/or where ever he may be found.

    **C.** **WINKLER COUNTY APPRAISAL BOARD,** on 107 E. Winkler St. Kermit, Winkler County, Texas 79745 where service of process may be had upon a Board Committee member and/or where ever he may be found.

## III.

## JURISIDICTION/VENUE

3. This Court has jurisdiction and venue in as much as the complaints herein alleged occurred herein in the Western District of United States Pecos Division at Pecos,

Reeves County, Texas

4. The amount in controversy is over $75,000.00.

5. This Court further has jurisdiction because a request for interpretation of a 501 (c)(3) and (5) section of the Internal Revenue Code which Plaintiffs have in place in their work.

## IV.

## FACTS

6. There is attached hereto and made a part hereof for all purposes are certain exhibits shown herein as Exhibits 1, 2, 3, 4, and 5.

   A. **Exhibit 1**: Account summary for Jackie R. Redmon, Holy Spirit Oilfield Ministry

   B. **Exhibit 2:** Fellow Ship Network approval to whom it may concern

   C. **Exhibit 3**: Letter dated November 19, 2014

   D. **Exhibit 4**: Full Gospel Fellowship Church- a worldwide organization

   E. **Exhibit 5**: The Bail Bonds Code

7. Jackie Redmon was convicted of felony in Kermit, Winkler County, Texas in 1995. There are no charges pending.

8. Since that time Jackie Redmon has not been convicted of a felony in this State or any other State. He is entitled to make bail bonds in Winkler County, Texas.

9. Winkler County, Texas does not have a Bail Bonds Board.

10. The statute given as Exhibit 6 was enacted April 26th, 2011 and became law during the time period 2011 after the enactment.

11. The statute involving bail bonds herein mentioned does not cover Jackie

Redmon in as much as he was convicted of a felony approximately 15 years before statute was enacted. See **Exhibit 6**.

12. Jackie Redmon through his company writes bail bonds in the state of Texas. Jackie Redmon has done this four (4) years.

13. Jackie Redmon owns Bail Bonds for Christ which operates in the following counties, to wit:

    a.    Winkler, Texas;

    b.    Ward, Texas;

    c.    Pecos, Texas; and

    d.    Reeves, Texas;

14. On June 6th, 2016 the Sherriff Darin Mitchell of Winkler County Texas called Jackie Redmon in his office in Kermit, Winkler County, Texas to talk to him.

15. At that time this was the fourth time the Sheriff Darin Mitchell had called him into his office to tell Jackie Redmon he had problems with his writing bail bonds.

16. On that occasion of June, the 6th, 2016 the Sherriff, Darin Mitchell, indicated in as much as he was a convicted felon he could not bond in Winkler County, Texas anymore.

17. Jackie Redmon at that time explained to the Sherriff, Darin Mitchell, that it was not the law and that Jackie Redmon could execute bonds.

18. He cited to him the statute (see **Exhibit 6)** dealing with which was section *AAA, Article 1701.07 Code of Criminal Procedure.*

19. This did not take place until sometime in 2011 after the effect of #17 above.

20. Jackie Redmon was convicted of a felony in 1995.

4

21. Jackie Redmon is not on probation, parole or any other control by the State of Texas and has not been for over eight (8) years.

22. Winkler County, Texas does not have a Bail Bonds Board thus it has little or no control over Jackie Redmon.

23. On one (1) occasion Jackie Redmon showed and pointed out to Darrin Mitchell, Sheriff, the active law in the state of Texas after 2011.

24. Sheriff Darin Mitchell of Winkler County, Texas was not pleased about this.

25. The next thing that happened Jackie Redmon was told by the Sheriff Darin Mitchell that he was over the limit of making bonds.

26. There are no rules in Winkler County, Texas as to the number of bonds made by any individuals, corporations or some other of entity.

27. There is not any criteria for the number of bonds that can be written.

28. Thereafter Sheriff Darin Mitchell, indicated he could not continue to make bonds in Winkler County, Texas. This was so, even though Sheriff, Darin Mitchell, obviously did not like Jackie Redmond to make bonds.

29. Jackie Redmon asked Sheriff Darin Mitchell what had there been set forth by either the county or by the commissioner's court or some group that had been active of such by the Sheriff Darin Mitchell.

30. There was/is no such rule.

31. Comments were constantly made to Jackie Redmon as he continued to make bonds. Such as …" like you better make sure they show up if we have to go after them and we will be eating off of you and you will pay for everything". This was obviously a threat.

32. On another occasion Jackie Redmon was called into the office of Sheriff Darin Mitchell who indicated that the new District Attorney said that Jackie Redmon cannot write any one bond because he was a convicted felon. Again, Jackie Redmon showed Sheriff Darin Mitchell the law that was enacted for 2011

33. There has been a consistent pattern by law enforcement to not allow Jackie Redmon to post any bonds.

34. Jackie Redmon's telephone number has been removed from the appropriate place in the jail. At no time do any of the jailers mention Jackie Redmon's name.

35. Every time that Jackie Redmon got someone out of jail they would get a number from Jackie Redmon's past associate.

36. Jackie Redmon's name and telephone number have been removed some time ago from any place in the jail.

37. As a common event Jackie Redmon only bonds out those that have committed misdemeanors.

38. In as much as this did not work the Defendants are not attacking the property that is being used by Jackie Redmon which is church property.

39. There has been an attempt in every way possible to destroy Jackie Redmon's church that he owns in Kermit, Winkler County, Texas.

40. There is attached hereto and made a part of the description of the church that Jackie Redmon has in Kermit, Winkler County, Texas. Shown herein as **Exbibit 7**

41. In the past Jackie Redmon has had individuals who came to their church and here are some of the actives in the church, to wit:

    a. Radio Station- broadcasting the work of Christ;

      b.      Church Sunday evening; and

      c.      Church Wednesday evening;

42.     When things do fail Sheriff Darin Mitchell, of Winkler County, Texas make an attempt to destroy Jackie Redmon's right to create a church where the gospel of Christ can be heard and sent forth to that area by radio and/or preaching.

43.     Jackie Redmon indicates the attitude of Sheriff Darin Mitchell is to seemingly to destroy the Plaintiff through the Appraisal District and to tax the property that has been set out as a church,

44.     There is attached hereto and made apart hereof as Exhibit 4 an Approval by those that Jackie Redmon works under Internal Revenue Code Section 501(c)(3) & (501). Now they have started making Jackie Redmon to pay five thousand dollars ($5,000.00) in regard to this matter.

45.     Jackie Redmon has indicated that all this is to try and stop him from spreading the gospel and he is not in violation of the IRS code that has been mentioned.

46.     Jackie Redmon's company has paid off its nisi(s) with the exception for the ones recently involved.

47.     Jackie Redmon states to the Court that he is often times not given court notice nor is his client to be in court. Then notices are not sent out to the Plaintiff.

48.     There is not a reason for any of this to be taking place.

49.     Jackie Redmon has indicated he had informed the Sheriff Darin Mitchell that he has contacted an attorney and it visibly upset Sheriff, Darin Mitchell.

50.     All of this is done under the facts of the denial of the church to exist.

51.     The church is being attacked on the basis it is making money.

52.    It should be noticed that in Kermit, Winkler County Texas that some other churches sometimes have the following, to wit:

    A.    Selling Suppers;

    B.    Selling cakes;

    C.    Selling books; and

    D.    Means of raising money;

Jackie Redmon knows of no church that has some means of raising money whether it be asking members for money or operating a school or a babysitting center.

53.    It is the obvious attempt on the part of Sheriff Darin Mitchell of Kermit, Winkler County, Texas to destroy Jackie Redmon and or persons, or the following entities, to wit:

    a. Jakie Redmon

    b.  Bail Bonding Company

    c.  A church

    d. To deny people to worship in a specific place and in a specific time.

54.    Jackie Redmon indicated to the Court that he has hired Gerald K. Fugit who will be asking for attorney's fees and will be asking for other matters in this case

55.    It is requested that a hearing be set immediately and that at such haring that the Sheriff Darin Mitchell of Kermit, Winkler County and Appraisal District not be able to continue to destroy the work that Jackie Redmon is doing in the community.

56.    Attached hereto and made a part hereof is an Affidavit of Jackie Redmon. Shown herein as **Exhibit 8**.

V.

## APPLICATION OF RESTARNING ORDER AND APPLICATION FOR TEMPORARY INJUNCTION

57.     The foregoing paragraphs are incorporated herein by references, and Plaintiff incorporates all of the previous Exhibits.

58.     In order to receive a temporary injunction, a Plaintiff must show: (1) a cause of action against the Defendant(s); (2) a probable right to the relief sought; and (3) a probable, imminent and irreparable injury absent injunctive relief. See *Butnaru v. Ford Motor Co.*, 84 S.W. 3d 198, 204 (Tex.2002).

59      Plaintiffs have a valid cause of action and probable right to the relief sought based on threats and breaches and the actual harm done by the Defendants jointly and separately.

60      Second, the Defendant(s) have intentionally and without provocation denied the Plaintiffs the right to have a church and to carry on their work as Bondsman.

61.     The Defendant(s), if not restrained, will likely act in violation of Constitution of the State of Texas and the of the United States plus the Defendant(s) either jointly or severally are in fact violating these rights under the Constitution and under the statutory law of the State of Texas.

62.     Because Defendant(s) have no right to possess, use or benefit from condemning the Plaintiffs, the Defendant(s) are acting willfully, intentional and multiple breaches and threaten breaches of the Plaintiffs right that exists.

63.     The Defendant(s) willful intentional and in a multitude of breaches and

threatened breaches of the Plaintiffs' rights this request for agreement for an injunctive relief for the Plaintiff in his work was a Bondsman, and as a pastor and/or a pastor of a church that the Plaintiffs respectfully request that no bond be required.

64.     Plaintiffs require injunctive relief against the Defendants, jointly and severally, to abide by the laws of the State of Texas and the Constitution of the State of Texas and the statutory power of the United States of America.

65.     Plaintiffs have alleged a cause of action against the Defendants.

66.     Plaintiffs have shown a probable right to recovery and likelihood of success on the merits of the case when it is tried.  There is an Affidavit that will be filed concurrently herewith and incorporated into this Application for a Temporary Injunction and Petition.

67.     In the event the Defendant(s) are not restrained from what they are doing which is illegal and from further violations that would occur Plaintiffs will suffer irreplaceable harm and Plaintiff have no adequality remedy of law to enforce the terms and conditions set out by the State of Texas by the Constitution of the State of Texas and any Federal laws.

68.     The only adequate and relief for Plaintiff is to immediately restrain the Defendants, jointly and severally, in certain, and prescribed activities as outlined below.

69.     The Plaintiffs request that this Court enter a Temporary Restraining Order *ex parte* and upon further hearing required by law, enter Temporary Injunction prohibiting the Defendant(s) jointly and singularly and or any employee of the

Defendant(s) agents, affiliates, and other who act in concert with the Defendant(s) jointly and severally from the following concerning the Defendant(s) affiliates defined to the Plaintiffs.

70. It is requested that the following, be entered into and that the action of this Court will have a hearing *ex parte* which will cover the events, to wit:

    a. Destroying, altering, copying, downloading, into any media format whether electronic, digital, metadata, native, format or paper any of actions on the part of the Defendant(s) jointly and severally.

    b. The action of Defendant(s) jointly, and severally, be enjoined and that a hearing be set as to the Plaintiffs herein.

    c. That the name and telephone number of the Bail Bondsman **JACKIE REDMON** and be in the appropriate place along inside with other Bail and/ or other owners so the ones that are in jail whether or a felony and/or misdemeanor have a right to call the Plaintiffs.

    d. That there be no appraisal accessed against the church property in any shape, form or fashion in Winkler County, Texas

    e. To **cease and desist** any form any attempt to collect any money as to the appraisal of the church which is located at 239 Van, Kermit, Winkler County, Texas 79745.

    f. To cease and desist referral of the Plaintiffs to act.

71. Plaintiffs also seek an Order Compelling Defendants to return to Plaintiffs all monies paid by the Plaintiffs to the Appraisal District for the last two (2) years.

**VI.**

**ATTORNEY 'S FEES & COSTS**

72. The foregoing paragraphs are incorporated herein by reference.

73    Pursuant to the actions of Defendant(s) outlined in the foregoing paragraphs, Plaintiff was forced to retain the services of the undersigned attorney, Gerald K. Fugit.  Plaintiffs are entitled to recover all reasonable attorney's fees and costs of court related to this matter as provided in the Federal Statute and Texas law

74.    There is anticipated that there will need to be an amendment filed in this case.

75.    Plaintiffs' request a jury trial.

## VII

## **DAMAGES**

76.    Plaintiffs jointly and severally sue the Defendant(s) jointly and severally for following, to wit:

    A.    Pecuniary Loss;

    B.    Mental Anguish;

    C.    Denial of Constitutional Rights;

    D.    Exemplary Damages;

    E.    Out of Pocket Expenses

    F.    Loss of Profits

    G.    Damage to Business & Credit Reputation;

    H.    Loss of Good Will; and

    I.    Pre-judgment/ Post-judgment Interest;

## VIII.

## **PRAYER**

77. Plaintiff prays that Defendant(s) be cited to appear herein and that the Court:

    a.    Grant the Temporary Restraining Order requested above;

    b.    Upon further hearing, a Temporary Injunction for the relief requested above be entered;

    c.    Upon final trial, judgment against the Defendant for permanent injunctive relief;

    d.    Plaintiffs' actual damages;

    e.    Plaintiffs' request a jury trial;

    f.    Plaintiffs' costs of court and reasonable attorneys' fees, and

    g.    Such other and further relief, both general and specific, legal and equitable to which Plaintiffs may show itself justly entitled

Respectfully submitted,

**/s/GERALD K. FUGIT**
Gerald K. Fugit
GERALD K. FUGIT P.C.
412 N. Texas Avenue
Odessa, Texas 79761
fugitassist@att.net
State Bar No. 07501000
Telephone: 432-332-1661
Facsimile: 432-335-000