**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **JACKIE REDMON and BAIL** | § | |
| **BONDSMAN FOR CHRIST,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **PE:19-CV-40-DC-DF** |
| | § | |
| **DARIN K. MITCHELL and** | § | |
| **WINKLER COUNTY, TEXAS,** | § | |
| *Defendants*. | § | |

<u>**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**</u>

TO THE HONORABLE DAVID COUNTS, UNITED STATES DISTRICT JUDGE:

BEFORE THE COURT is the Motion to Dismiss filed by Defendants Sheriff Darin K. Mitchell (hereafter, "Sheriff Mitchell") and Winkler County, Texas (collectively, "Defendants"). (Doc. 30). This case is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636, and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the motion and relevant law, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 30).

## I. BACKGROUND

Plaintiffs Jackie Redmon (hereafter, "Redmon"), Holy Spirit Oilfield Ministry of Kermit, Texas (hereafter, "the Church"), and Bail Bondsman for Christ (collectively, "Plaintiffs") filed this civil action on July 26, 2019, against Defendants and the Winkler County Appraisal Board pursuant to 42 U.S.C. §1983. (Doc. 1). Redmon is the founder of the Church and also owns Bail Bondsman for Christ. *Id*. Plaintiffs filed an Amended Complaint on September 30, 2019. (Doc. 6). Plaintiffs then filed a Second Amended Complaint with leave of Court on November 20, 2019. (Doc. 13). Plaintiffs' Second Amended Complaint is therefore the operative pleading before the Court.

Plaintiffs allege that on or about June 6, 2016, Redmon was called into Sheriff Mitchell's office and told to stop writing bail bonds. (Doc. 13 at 4). Thereafter, Plaintiffs allege that Sheriff Mitchell told Redmon that he had exceeded the limit for issuing bail bonds. *Id*. at 5. Plaintiffs assert that Sheriff Mitchell's rationale for confronting Redmon was that Sheriff Mitchell interpreted Article 1701.01, § AAA of the Texas Code of Criminal Procedure to preclude Redmon from working as a bail bondsman due to Redmon's 1995 felony conviction. *Id*. Further, Plaintiff contends that on a separate occasion, Sheriff Mitchell told Redmon that the new District Attorney said that Redmon "cannot write any more bonds because he [is] a convicted felon." *Id*. at 6.

On January 8, 2020, Defendants and the Winkler County Appraisal Board filed a Motion to Dismiss. (Doc. 20). The Winkler County Appraisal Board also filed a Supplemental Motion to Dismiss on January 30, 2020. (Doc. 24). On March 26, 2020, the undersigned entered a Report and Recommendation that: Plaintiff Holy Spirit Oilfield Ministry of Kermit, Texas be dismissed as a Plaintiff; Defendant Winkler County Appraisal Board be dismissed as a Defendant; Plaintiff's claims for relief from taxation be dismissed; and Plaintiffs properly pled a constitutionally-protected property interest in the right to employment as a bail bondsman free of impediment. (Doc. 28). The District Court adopted the undersigned's Report and Recommendation on April 13, 2020. (Doc. 29).

Defendants filed the instant Motion to Dismiss on April 23, 2020, seeking dismissal of Plaintiffs' claims against Sheriff Mitchell. (Doc. 30). Plaintiffs filed a response on May 11, 2020. (Doc. 35). Defendants did not file a reply. Accordingly, this matter is ready for disposition.

## II. Legal Standard

When a defendant files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the trial court must assess whether a complaint states a plausible claim for relief. *See Raj v. La. State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). The court must accept "all well-pleaded facts in the complaint as true and viewed in the light most favorable to the plaintiff." *See id.* "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On the other hand, if the complaint only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," dismissal is appropriate. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Gibson v. Tex. Dep't of Ins.*, 700 F.3d 227, 233 (5th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The court should dismiss a complaint if the court can only infer the mere possibility of misconduct, or if the plaintiff has only alleged that he is entitled to relief rather than stating a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (quoting *Twombly*, 550 U.S. at 570).

### III. DISCUSSION

Defendants' Motion to Dismiss argues that Plaintiffs' claims against Sheriff Mitchell should be dismissed because Plaintiffs bring claims against him solely in his official—not individual—capacity. (Doc. 30). Defendants assert that because Sheriff Mitchell is a governmental official being sued in his official capacity, this is essentially a suit against the county. *Id*. In support of this contention, Defendants rely on Fifth Circuit precedent that states: "[i]n any case in which a defendant government official is sued in his individual and official capacity, and the city or state is also sued, there potentially exists an overlapping cause of action. The official-capacity claims and the claims against the governmental entity essentially merge." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000).

Plaintiffs respond by first conceding that a suit against Sheriff Mitchell in his official capacity is barred; however, Plaintiffs assert that they intended to sue Sheriff Mitchell in his individual capacity. (Doc. 35 at 6). While Plaintiffs note that they did not formally identify in which capacity they are suing Sheriff Mitchell, it is clear "[f]rom the substance of Plaintiffs' allegations . . . that Sheriff Mitchell is sued in his individual capacity." *Id*. In support, Plaintiffs note that:

> [i]n the Fifth Circuit . . . if it is not clear from allegations of the
> complaint whether a defendant has been sued in his official or
> individual capacity, the court must look to the substance of the
> claims, the relief sought, and the course of the proceedings to
> determine in which capacity the defendant is sued.

*Senu-Oke v. Jackson State Univ.*, 521 F.Supp.2d 551, 556 (S.D. Miss. 2007) (citing *Parker v.*

*Graves*, 479 F.2d 335, 336 (5th Cir. 1973)).

Using the criteria established by the Fifth Circuit, the undersigned finds that Plaintiffs'

intended to sue Sheriff Mitchell in his individual capacity. While the record is sparse regarding the

capacity in which Plaintiffs' sue Sheriff Mitchell, the undersigned finds that the substance of

Plaintiffs' Second Amended Complaint tends to indicate Plaintiffs' intent to sue Sheriff Mitchell in

his individual capacity. (Doc. 13). Plaintiffs detail several interactions between Redmon and Sheriff

Mitchell, including alleged threats and other perceived personal affronts. *Id*. While Sheriff Mitchell

purportedly made these statements acting in his official capacity as sheriff, other courts in the Fifth

Circuit have noted that "the notion of one's acting in the course and scope of his . . . employment is

not inconsistent with an intention to also hold the employee personally liable." *Senu-Oke*, 521 F.

Supp. 2d at 557.

Plaintiffs' requested relief provides further support for finding intent to sue Sheriff Mitchell

in his individual capacity. The Supreme Court has held that for purposes of cases brought under

§ 1983, a state is not a person against whom money damages may be asserted. *Lapides v. Board*

*of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002) (citing *Will v. Michigan Dept. of*

*State Police*, 491 U.S. 58, 66 (1989)). Here, while Plaintiffs do seek injunctive relief, they also seek

monetary damages. (Doc. 13 at 10). As noted above, a suit against a state official in his or her

official capacity is akin to a suit against the state itself. Therefore, because Plaintiffs seek

monetary damages and monetary damages are only available if Plaintiffs sue Sheriff Mitchell in

4

his individual capacity, it can be inferred that Plaintiffs intend to sue Sheriff Mitchell in his individual capacity.

After evaluating the substance of the Second Amended Complaint, the course of the proceedings, and the relief requested, the undersigned finds Plaintiffs assert a claim against Sheriff Mitchell in his individual capacity. While it is undisputed that Plaintiff's claims against Sheriff Mitchell in his official capacity should be dismissed, the undersigned finds that Plaintiffs have stated a claim against Sheriff Mitchell in his individual capacity and therefore, Sheriff Mitchell should not be dismissed as a party. Accordingly, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 30).

### IV. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 30). The undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** as it pertains to Plaintiffs' claims against Sheriff Mitchell in his official capacity. *Id*. The undersigned further **RECOMMENDS** that Defendants' Motion to Dismiss be **DENIED** as it seeks to remove Sheriff Mitchell as a party to the lawsuit as Plaintiffs have asserted claims against him in his individual capacity. *Id*.

It is so **ORDERED**.

SIGNED this 8th day of June, 2020.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Judge. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the U.S. Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).