# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | |
|---|---|
| **BAIL BONDSMAN FOR CHRIST** § <br> **and JACKIE REDMON,** § <br> *Plaintiffs*, § <br> § <br> **v.** § <br> § <br> **DARIN K. MITCHELL and** § <br> **WINKLER COUNTY, TEXAS,** § <br> *Defendants*. § | **P:19-CV-00040-DC** |

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is United States Magistrate Judge David B. Fannin's Report and Recommendation (R&R) filed in the above-captioned cause on June 8, 2020, in connection with Defendants Darin K. Mitchell (Sheriff Mitchell) and Winkler County, Texas' (collectively, Defendants) Motion to Dismiss filed on April 23, 2020. (Docs. 30, 36). Neither party filed objections to the R&R and the deadline to do so passed. After due consideration, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety (Doc. 36) and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss (Doc. 30).

This case arises from a dispute between Plaintiffs Jackie Redmon (Redmon), Holy Spirit Oilfield Ministry of Kermit, Texas, (Holy Spirit), and Bail Bondsman for Christ (collectively, Plaintiffs) and Defendants. (*See* Doc. 13). Plaintiffs allege that Sheriff Mitchell unlawfully prohibited Redmon from issuing bail bonds because Redmon, the owner of Holy Spirit and Bail Bondsman for Christ, was convicted of a felony in 1995. *Id.* Further, Plaintiffs claim that Defendants Winkler County Appraisal Board and Winkler County, Texas began taxing Holy Spirit despite being classified as a 501(c)(3) organization. *Id.* Plaintiffs seek damages and injunctive relief against Defendants. *Id.*

On April 13, 2020, the Court adopted the report and recommendation of the U.S. Magistrate Judge dated March 26, 2020, and dismissed Holy Spirit and Winkler County Appraisal Board. The remaining Defendants subsequently filed the instant Motion to Dismiss seeking dismissal of Plaintiffs' claims against Sheriff Mitchell. (Doc. 30).

The Magistrate Judge issued an R&R recommending granting in part and denying in part Defendants' Motion to Dismiss. (Doc. 36). In particular, the Magistrate Judge recommends dismissing Plaintiffs' claims against Sheriff Mitchell in his official capacity and denying the Motion to Dismiss as to Plaintiffs' claims against Sheriff Mitchell in his individual capacity. *Id.*

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen (14) days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). Failure to file written objections to the R&R within fourteen (14) days after being served with a copy shall bar that party from de novo review by the district court of the proposed findings and recommendations. *Id.* Moreover, except upon grounds of plain error, it shall also bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).

To date, the parties have not filed any objections to the Magistrate Judge's R&R. After reviewing the Magistrate Judge's R&R for clear error, the Court finds it to be neither clearly erroneous nor contrary to law. 28 U.S.C. § 636(b)(1)(C).

For the reasons stated above, the Court **ACCEPTS** the Magistrate Judge's findings and recommendations and **ADOPTS** the R&R in its entirety. (Doc. 36).

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss. (Doc. 30). Specifically, the Court **DENIES** the Motion to Dismiss as it pertains to Plaintiffs' claims against Sheriff Mitchell in his individual capacity and **GRANTS** the Motion to Dismiss as it relates to Plaintiffs' claims against Sheriff Mitchell in his official capacity.

It is so **ORDERED**.

SIGNED this 23rd day of June, 2020.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE